IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROYA SIMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>DOUBLETREE MANAGEMENT LLC, *et al.*,<br><br>    Defendants.<br>_____/<br><br>ANDRE MCMAHON and LATROYA SIMPSON,<br><br>    Plaintiffs,<br><br>  v.<br><br>EMBASSY SUITES MANAGEMENT LLC,<br><br>    Defendant<br>_____/ | No. C 12-04928 JSW<br><br>No. C 12-05169 JSW<br><br>**ORDER (1) REGARDING HEARING DATES AND (2) REQUIRING FURTHER SUBMISSIONS IN SUPPORT OF THE MOTIONS TO TRANSFER** |

    Motions to transfer and motions to dismiss or, in the alternative, to strike the class allegations are currently pending in both of the above captioned matters. When the action against Embassy Suites Management LLC ("Embassy Suites") was related to the action against DoubleTree Management and DoubleTree DTWC LLC (collectively, "DoubleTree"), parties were instructed that any dates for noticed motions had been vacated and must be re-noticed before the newly assigned judge by the moving party. Despite this clear instruction, Embassy Suites has not yet re-noticed the motion to transfer or the motion to dismiss or, in the

alternative, to strike. Nevertheless, the Court HEREBY SETS these motions to be heard on March 22, 2013 at 9:00 a.m. The Court CONTINUES the motion to transfer and the motion to dismiss or, in the alternative, to strike filed by DoubleTree to be heard on the same day, March 22, 2013 at 9:00 a.m.

In their motions to transfer, DoubleTree and Embassy Suites show that they are both owned by Hilton Worldwide, Inc., the same defendant in *Young v. Hilton Worldwide, Inc., et al.*, Case No. CV12-1788, in the United States District Court for the Central District of California. In *Young*, the plaintiff alleged he called the Hilton Reservations Worldwide, LLC doing business as Hilton Reservations and Customer Care ("Hilton Reservations") to ask about hotel rates and/or to make hotel reservations at the Hampton Inn. He further alleged that the defendant hotel recorded, monitored, or eavesdropped on their calls without obtaining their consent, in violation of a California penal provision. Plaintiffs in the above captioned cases assert the same allegations against DoubleTree and Embassy Suites.

In support of their motions to transfer, DoubleTree and Embassy Suites argue, but fail to submit any supporting evidence, that Hilton Worldwide, Inc. operates the reservation call centers that service calls for hotels in all of its brands, including the Hampton Inn, DoubleTree, and Embassy Suites. If the same call centers answer the calls for all three hotels, then the Court finds that the cases would be related and judicial economy would be served by transferring these matters to the Central District. However, if the calls are answered by different call centers, and the defendant hotels are merely owned by the same company, then there would not be sufficient factual overlap to warrant transfer. In the absence of any evidence on this point, the Court cannot make an informed decision. Therefore, the Court HEREBY ORDERS DoubleTree and Embassy Suites to submit evidence to describe and demonstrate who services the calls for their reservations. DoubleTree and Embassy Suites shall submit such supplemental

///

///

///

///

evidence by no later than January 18, 2013.  Plaintiffs may respond to this supplemental evidence by no later than January 28, 2013.

**IT IS SO ORDERED.**

Dated: January 2, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3